[No. C.D. 2504. En Banc. October 7, 1971.]

*In the Matter of the Petition of* WILLIAM R. EDDLEMAN *for Reinstatement as a Member of the Washington State Bar Association.*

*Alfred J. Schweppe,* for Mr. Eddleman.

*Jack P. Scholfield,* for Board of Governors.

HALE, J.—In 1963, the Board of Governors of the Washington State Bar Association, after a disciplinary hearing, recommended that William R. Eddleman be suspended from the practice of law for a period of 3 years. The board sent the case here for disposition. This court, February 13, 1964, declined to follow that recommendation but entered a judgment of disbarment and ordered that Mr. Eddleman's name be stricken from the court's roll of attorneys. *In re Eddleman,* 63 Wn.2d 775, 389 P.2d 296 (1964). Nearly 5 years later, Mr. Eddleman petitioned this court for reinstatement, which was denied October 9, 1969. *In re Eddleman,* 77 Wn.2d 42, 459 P.2d 387, 461 P.2d 9 (1969).

Petitioner is now before this court on his second petition for reinstatement, filed with the Board of Governors under

DRA 8.2, and the board, after adversary hearing, now sends to this court its recommendation that it be granted.

The board's recommendation, entered in accordance with DRA 8.6, is based upon its finding No. 4:

> That the petitioner has affirmatively proved and shown to the satisfaction of the Board of Governors that his attitude and conduct establish rehabilitation and present moral fitness for admission to the practice of law in this state; and that he should be admitted upon his satisfactorily passing the attorneys' examination required by Rule 4 of the Rules for Admission to Practice; and that petitioner's reinstatement as a member of the bar of this state will not be detrimental to the integrity and standing of the bar and the administration of justice nor contrary to the public interest.

Petitions for reinstatement after disbarment come to this court by way of the Board of Governors of the State Bar Association through rule 8 of the Discipline Rules for Attorneys, a rule providing for investigation on behalf of and hearings before the Board of Governors with the board's findings, conclusions and recommendations to be sent to the Supreme Court. DRA 8.6. If this court grants reinstatement, the petitioner will then, upon payment of all prescribed fees and costs, be allowed to seek readmission by taking the attorney applicant's examination (APR 3), and upon passing that examination will be allowed to take the oath of attorney and will be fully restored to membership in the bar. DRA 8.7.

Although the board may or may not, in its discretion, refer the petition for reinstatement to the local administrative committee, the disciplinary board, the state bar counsel or others for investigation (DRA 8.4), the rules mean that once so referred the investigation shall be done with dispatch, vigor and thoroughness; and although the role of bar counsel is not, strictly speaking, that of a prosecutor, his obligation is to present to the board all of the material facts, that is, all of those facts coming within his knowledge and proof bearing on the ultimate and controlling question of reinstatement which this court must de-

cide. The ultimate question governing reinstatement is whether there has been such a change in the petitioner's attitude, psychologically, emotionally and intellectually, and to such a degree that it seems extremely probable that in the practice of law he will honor and observe the code of professional ethics; and that his reinstatement will not be detrimental to the integrity and standing of the bar as a whole, nor detrimental either to the administration of justice or to the public interest in general. DRA 8.6. Thus, reinstatement looks forward to the probabilities of future behavior at the bar and backward to the events and conduct for which judgment of disbarment had been entered.

The record shows that bar counsel discharged his duties with commendable thoroughness and vigor and, despite some questionable exclusionary rulings by the board in passing upon objections, he was able to and did test petitioner's allegations for reinstatement. While bar counsel does not function as a prosecutor (DRA 2.5(b)), his role is not devoid of adversarial qualities, and he is obliged to inquire into and test the veracity of the petition and the evidence and recommendations supplied by petitioner in support of it.

It is because and not in spite of bar counsel's thorough and vigorous inquiry that we can in this case accord great weight to the board's findings, conclusion, and recommendation that the court reinstate petitioner. We are thus of the opinion that the board's findings and conclusion and its recommendation that petitioner is now worthy of readmission to the bar should be and is well taken, and we accept its recommendation. Accordingly, a judgment of reinstatement will be entered; it becomes effective upon petitioner's successfully passing the attorney applicant's examination (DRA 8.7; APR 3; APR 4B), paying all costs taxable under the rules of this court pertaining to reinstatement, and taking the oath of attorney.

HAMILTON, C.J., FINLEY, ROSELLINI, HUNTER, NEILL, STAFFORD, SHARP, and WRIGHT, JJ., concur.